IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-01489-CNS-JPO

CRAIG EMIL,

    Plaintiff,

v.

LM GENERAL INSURANCE COMPANY,

    Defendant.

## ORDER

This matter comes before the Court on Plaintiff Craig Emil's Motion for Leave to Amend Complaint to Add a Claim for Exemplary Damages (ECF No. 51). For the following reasons, the motion is GRANTED.

### I. LEGAL STANDARDS

**A. Amended Pleadings under Fed. R. Civ. P. 16(b)(4) and 15(a)(2)**

"After a scheduling order deadline [has elapsed], a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. F. Civ. P. 16(b)(4), and (2) satisfaction of the Rule 15(a) standard." *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (citation omitted).

First, Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." "In practice, [the Rule 16(b)(4)] standard requires the movant to show the scheduling deadlines cannot be met

1

despite [the movant's] diligent efforts. Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed." *See Birch*, 812 F.3d at 1247 (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)).

Second, Federal Rule of Civil Procedure 15(a)(2) states that a court "should freely give leave [to amend a pleading] when justice so requires." The U.S. Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In other words, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* This is consistent with the purpose of Rule 15, which is "to provide the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982).

Ultimately, whether to grant or deny leave to amend a complaint is within the court's discretion. *Foman*, 371 U.S. at 182. Denying leave to amend is generally justified only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

### B. Exemplary Damages under C.R.S. § 13-21-102

Under Colorado law, exemplary damages may be awarded only where "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." C.R.S. § 13-21-102(1)(a). Pertinent here, "'willful and wanton conduct' means conduct purposefully committed which the actor must have realized as dangerous, done

heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." C.R.S. § 13-21-102(1)(b). The requested remedy of exemplary damages may not be included in the initial complaint. Instead, such a request "may be allowed by amendment to the pleadings only after . . . the plaintiff establishes prima facie proof of a triable issue" on exemplary damages. C.R.S. § 13-21-102(1.5)(a).

Although the moving party has the burden of establishing a basis for adding the exemplary damages claim, it is a low burden relative to the burden of proof at trial. *See Affordify, Inc. v. Medac, Inc.*, No. 19-cv-02082-CMA-NRN, 2020 WL 6290375, at *5 (D. Colo. Oct. 27, 2020). At the motion to amend stage, "the Court is only concerned with whether the evidence, when viewed in the light most favorable to [the plaintiff], is sufficient to make out a prima facie case of willful and wanton behavior for the purpose of allowing [the plaintiff] to amend their [c]omplaint to include exemplary damages, not whether such evidence is sufficient to defeat a motion for summary judgment or to result in a jury verdict in [the plaintiff's] favor." *RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, No. 16-cv-1301-PAB-GPG, 2018 WL 3055772, at *4 (D. Colo. May 10, 2018) (citation omitted).

## II.  DISCUSSION

Having considered the parties' papers, the exhibits attendant therewith, the arguments presented during the motion hearing of October 20, 2023, the relevant legal authority, and the entire case file, the Court grants Mr. Emil's motion for leave to amend his complaint to add a request for exemplary damages.

In particular, based substantially on the findings of this Court at the October 20 hearing, *see* ECF No. 60 at 2:15–6:6, as well as the facts contained in Mr. Emil's motion,

3

*see* ECF No. 65 at 2–8, the Court finds that Mr. Emil has set forth good cause for seeking to amend, and that his proffered evidence is sufficient to establish a triable issue on the propriety of exemplary damages. *See Birch*, 812 F.3d at 1247; *RCHFU*, 2018 WL 3055772, at *4. Conversely, Liberty Mutual has not persuasively shown any "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment" sufficient to convince the Court that amending the complaint at this stage would be inappropriate. *See Frank*, 3 F.3d at 1365. Accordingly, the Court will permit Mr. Emil to amend his complaint to add a request for exemplary damages.

Separately, if (as here) Mr. Emil is granted leave to amend, Liberty Mutual requests that it be permitted to conduct discovery relating to the added exemplary damages claim as follows: "(1) Re-opened deposition of Plaintiff; (2) deposition of Plaintiff's insurance industry expert Lorraine Berns; and (2) the opportunity to provide a supplemental report from Liberty Mutual's insurance industry expert David Weber." ECF No. 70 at 12. Mr. Emil does not oppose Liberty Mutual's third discovery request so long as Mr. Emil's opposing expert will also be permitted to supplement. ECF No. 71 at 7–8. For largely the reasons set forth in Mr. Emil's reply, the Court agrees that Liberty Mutual's third discovery request is appropriate in light of the added exemplary damages claim, but not its first or second request. As such, the parties' respective insurance industry experts may supplement their expert reports for the limited purpose of addressing the issue of exemplary damages.

## IV.  CONCLUSION

Consistent with the foregoing analysis, Plaintiff's Motion for Leave to Amend Complaint to Add a Claim for Exemplary Damages, ECF No. 65, is GRANTED. The Clerk of Court is directed to accept the Second Amended Complaint and Jury Demand, ECF No. 65-1, for filing, to be operative as of the date of this Order.

DATED this 13th day of February 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge